```
cc:order, docket, remand
letter to Los Angeles
Superior No.
BC 441783
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-6233 ODW (PLAx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | *Levon Akopyan, et al. v. Wells Fargo Home Mortgage, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Steve Chung | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings (In Chambers):   Order Granting Plaintiffs' Motion to Remand [7]**

Now before the Court is Plaintiffs Levon Akopyan, Tagouhi Akopyan and Armenui Karapogosyan's ("Plaintiffs") Motion to Remand Case. (Docket No. 7.) On behalf of themselves and all other similarly situated California residents, Plaintiffs challenge Wells Fargo Home Mortgage, Inc.'s ("Wells" or "Defendant") policy and practice of charging late fees allegedly prohibited by the mortgage contracts it services. (Mot. at 2.) Specifically, Plaintiffs allege when the loans were originated, the provisions of California Civil Code § 2954.4 were incorporated into each loan agreement by operation of law.

Section 2954.4 provides certain restrictions on a lender's ability to impose late charges, including a prohibition on late charges on full payments made "on or before its due date, or within 10 days thereafter, even though an earlier installment or installments, or any late charge thereon, may not have been paid in full when due." In other words, the statute permits borrowers behind on their mortgages to continue making full future monthly payments without incurring additional late charges for a previous unpaid payment. Plaintiffs contend Wells assessed late charges against class members even though they made timely monthly payments of future installments, and that this constituted a systematic breach of contract. (Id. ¶¶ 27, 47-52.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6233 ODW (PLAx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | *Levon Akopyan, et al. v. Wells Fargo Home Mortgage, Inc., et al.* | | |

Plaintiffs contend Defendant improperly removed this action based on federal question jurisdiction, 28 U.S.C. § 1331, and CAFA, 28 U.S.C. § 1332(d)(2). After considering the parties' briefs, the Court finds the matter suitable for decision without oral argument. Accordingly, the October 18, 2010 hearing date is hereby **VACATED**. *See* Local Rule 7-15. For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

**I.     Legal Standard**

*Federal Question*

Defendants may generally remove to the appropriate federal district court any "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). The propriety of removal thus depends on whether the case could have originally invoked federal question jurisdiction. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (citations omitted). The district court's "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

In *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6-11 (2003), the Court clarified that "removal is proper under the complete preemption doctrine only when Congress intended the federal cause of action to be exclusive." *In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005). In so holding, the Supreme Court found that sections 85 and 86 of the National Bank Act provided the exclusive cause of action for usury claims against national banks. *See Beneficial Nat'l Bank*, 539 U.S. at 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6233 ODW (PLAx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | *Levon Akopyan, et al. v. Wells Fargo Home Mortgage, Inc., et al.* | | |

*CAFA Jurisdiction*

The Class Action Fairness Act ("CAFA"), which applies to actions commenced on or after February 18, 2005, provides district courts with original jurisdiction over civil actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "is a class action in which[, inter alia,] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); *see also Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) ("The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant. In other words, complete diversity is not required. CAFA also provided for such class actions to be removable to federal court.").

"As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.' § 1332(d)(5).... Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2)." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).

As the Ninth Circuit explained, CAFA does not disturb the traditional rule that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("We ... hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction").

## II. DISCUSSION

The Court will first assess the propriety of Defendant's removal under National Bank Act ("NBA") preemption and, if necessary, turn to CAFA jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6233 ODW (PLAx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | *Levon Akopyan, et al. v. Wells Fargo Home Mortgage, Inc., et al.* | | |

*National Bank Act Preemption*

"Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). As relevant here, the Supreme Court has found that sections 85 and 86 of the NBA completely preempt state law usury claims, leaving only a federal claim for plaintiffs. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 10 (2003).

Plaintiffs argue the NBA does not preempt their state law cause of action because "Wells cannot show that the Plaintiffs' loans – originated by non-national banks and merely serviced by Wells – implicate the special federal nature of lending under the NBA." (Mot. at 12.) Plaintiffs offer some authority for this argument. *See*, *e.g.*, *Thomas v. U.S. Bank Nat'l Assoc.*, 575 F.3d 794, 800-01 (8th Cir. 2009) ("The national banks did not originate the loans at issue, but rather are assignee banks that subsequently purchased the loans. As assignees, they are subject to all the claims which could have been brought against the originator of the loan."); *Wisconsin League of Financial Institutions v. Sherry*, 761 F. Supp 636 (W.D. Wisc. 1991) (finding no preemption of claim against national bank for contractual obligations assumed while the bank still operated pursuant to state charter); *FDIC v. Lattimore Land Corp.*, 656 F.2d 139 (5th Cir. 1981) (finding no preemption where national bank merely acquired loan).

Defendant counters with authority for the proposition that "assigned [loans] are subject to the same preemption test as direct loans." *Aguayo v. U.S. Bank*, 658 F. Supp. 2d 1226, 1235 (S.D. Cal. 2009); *see also Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1053-54 (N.D. Cal. 2009) (plaintiffs' claims against assignee of mortgage lender preempted by Home Owners' Loan Act); *Krispin v. May Dept. Stores Co.*, 218 F.3d 919, 922-24 (8th Cir. 2000).

Given the divergent case law offered by the parties, the dearth of controlling authority on the issue, and the presumption against removal, the Court rejects jurisdiction in light of the doubt cast by the case law noted above. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted). The Court thus finds that Defendant failed to carry its burden of establishing removal jurisdiction under the NBA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6233 ODW (PLAx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | *Levon Akopyan, et al. v. Wells Fargo Home Mortgage, Inc., et al.* | | |

*CAFA Jurisdiction*

The parties' arguments here again deal with unsettled law. Specifically, the parties disagree as to the citizenship for diversity purposes of a national bank, like Defendant. Conceding all other jurisdictional requirements, Plaintiffs argue minimum diversity is lacking under CAFA because Defendant Wells is a California citizen. Defendant argues it "is a citizen only of South Dakota, the state in which its main office is located as shown by its articles of association." (Opp'n at 3.)

By statute, "[a]ll national banking associations shall ... be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has clarified that a national bank is "located" for purposes of § 1348, and a citizen for diversity purposes, of the state designated as its main office in its articles of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306-07 (2006). The parties agree, however, that the Supreme Court did not hold one way or another whether a national bank is also a citizen of its principal place of business. *See id.* at 317 n. 8 ("Because this issue is not presented by the parties or necessary to today's decision, *we express no opinion on it*.") (emphasis added). Rather, in a footnote often utilized to try and ascertain the High Court's leanings on the issue, the Supreme Court merely noted that the issue "may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide." *Id.* at 317 n.9. The matter before this Court is of course one where the location of Wells' main office and its principal place of business do *not* coincide.

Plaintiffs point to a line of authority holding that a national bank is a citizen of both the state listed in its articles of association, as *Schmidt* held, and of its principal place of business. *See*, *e.g.*, *Mount v. Wells Fargo Bank, N.A.*, 2008 WL 5046286 (C.D. Cal. Nov. 24, 2008) (Wells "has regularly described its principal place of business as San Francisco, California. Wells Fargo cannot now claim otherwise for the purpose of asserting federal jurisdiction under CAFA."); *Firstar Bank, N.A. v. Faul*, 253 F.3d 985, 989 (7th Cir. 2001) (Congress intended "that national banks were to be treated the same as any other corporation for diversity purposes."); *Horton v. Bank One, N.A.*, 387 F.3d 426, 431 (5th Cir. 2004) (finding it sensible to "presume that Congress intended to retain … jurisdictional parity for national banks vis-à-vis state banks and corporations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6233 ODW (PLAx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | *Levon Akopyan, et al. v. Wells Fargo Home Mortgage, Inc., et al.* | | |

Defendant retorts with its own set of citations. *See, e.g., State of California ex rel Bates v. Mortgage Elec. Registration Sys., Inc.*, 2010 WL 2889061, * 1 (E.D. Cal. 2010) (" Unlike § 1332, § 1348 does not state that a national banking association 'shall be deemed to be a citizen of any State ... where it has its principal place of business....'") (citation omitted)*; Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, 2008 WL 5429134, at * 1 (D. Minn. 2008) ("Wells Fargo Bank is not a citizen of California, [and] the Court rejects Respondents' assertion that complete diversity of citizenship does not exist."); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312 (S.D. N.Y. 2006) (national bank is only citizen of the state listed in its articles of association).

Plaintiffs point to numerous instances where Wells has not only admitted that it is a California citizen, but also relied on the very authority it now seeks to discredit. (*See* Opp'n at 14, n.6.)  Given the ambiguities expressed above, however, the Court need neither delve into Wells' inconsistent positions nor delay in concluding that Wells has not met it burden of establishing the Court's jurisdiction under CAFA. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted).

### III.   CONCLUSION

Defendant fails to establish removal jurisdiction under either the NBA or CAFA. This action is therefore **REMANDED** for lack of subject matter jurisdiction.  Defendant's Ex Parte Application for Leave to File A Surreply is **DENIED**. [15, 18.]  Defendant need not address the (allegedly) new arguments in Plaintiffs' Reply because those arguments do not bear on the Court's decision.

**SO ORDERED**

---- : 00

Initials of Preparer    RGN